St. Paul Fire & Marine Insurance Company v. Womack.

Opinion delivered February 14, 1916.

1. Fire insurance—proof of loss—rejection of proof.—A fire insurance company can not arbitrarily reject proof of loss for the purpose of postponing the date of payment.

2. Fire insurance—loss—necessary proof—time of payment—premature action.—Plaintiff held a policy of fire insurance in appellant company. A fire occurred on August 17, and plaintiff made out a statement of the loss, which appellant received on September 4; this, under the terms of the policy, was not a sufficient proof of loss, and further proof was made out, in accordance with appellant's request, and received by appellant on October 8. Plaintiff then, on October 29, brought suit for the amount of the policy, and for the statutory penalty and attorney's fees; the policy provided that appellant have sixty days, after receipt of proof of loss in which to make payment. Held, that appellant was entitled to have the proof of loss made out as provided in the policy, and was then entitled to sixty days in which to make payment, that plaintiff's action was prematurely brought, and that he could not recover the statutory penalty and attorney's fees.

3. Fire insurance—action for penalty and attorney's fees—costs.—Plaintiff prematurely brought an action on a policy of fire insurance, after a loss had been sustained, for the amount of the loss, and for the statutory penalty and attorney's fees. Defendant tendered into court the amount of the policy and interest thereon, held, the defendant may have judgment for costs expended in both the appellate and trial courts.

Appeal from Saline Circuit Court; *W. H. Evans,* Judge; reversed.

*D. D. Terry,* for appellant.

1. The suit was prematurely brought and penalty and attorney's fees should not have been allowed. The judgment should have been for defendant on the grounds that the suit was prematurely brought. 92 Ark. 387; 59 S. W. 61; 130 *Id.* 769; 131 *Id.* 406; 98 Ark. 137; 104 *Id.* 129.

2. The preliminary proof of loss was not a compliance with the provision of the policy. 79 Ark. 481; 77 *Id.* 27; 79 *Id.* 475, 484; 75 Atl. 1037.

3. The suit should have been abated as premature. 42 Ark. 163; 40 *Id.* 545; 21 *Id.* 306; 92 *Id.* 460. The provisions of the policy as to notice of loss, etc., have often been held reasonable and valid. 72 Ark. 484; 88 *Id.* 120; 87 *Id.* 171.

*D. M. Cloud,* for appellee.

1. Appellee furnished proof of loss substantially in compliance with the policy and Kirby's Digest, § 4375. 72 Ark. 368; 75 *Id.* 409.

2. Delivery to the agent was delivery to the company. Kirby's Digest, § 6271; 82 Ark. 178; Act No. 324, Acts 1905.

3. The insured demanded his money before filing suit, hence the amount of the policy became a liquidated demand upon the total destruction of the house by fire. The suit was not premature.

McCULLOCH, C. J. The plaintiff's dwelling house in Benton, Arkansas, was insured under a policy issued by the defendant, St. Paul Fire & Marine Insurance Company, in the sum of $2,000, against loss or damage by fire, and the building was totally destroyed by fire on August 17, 1914, which was during the existence of the policy. On the day the fire occurred, plaintiff conferred with the company's local agent, W. M. Steed, and the latter forwarded notice of the loss to the company, which was promptly received at the home office of the company in the city of St. Paul. On August 24, 1914, the plaintiff

made out proof of loss, or, at least, what he intended as proof of loss, and delivered the same on that day to the local agent at Benton. Said proof was made in the following form:

"Benton, Ark., August 24, 1914.

"St. Paul Fire & Marine Insurance Company, St. Paul, Minn.:

"Gentlemen: I wish to submit proof of loss in accordance with the terms of policy No. 81918 issued to C. H. Womack, of Benton, Ark., insuring him against loss from November 13, 1911, until noon, November 13, 1914, upon the building situated on lot No. six (6), block No. sixty-two (62), in the city of Benton, Ark.

"The amount of insurance being two thousand dollars.

"I desire to state that said building was totally destroyed by fire on the 17th day of August, 1914.

"The said building belonged to me, and that my loss because of destruction of same by fire was $2,869.11, as per attached statement made by Contractor G. A. Zinn to rebuild said building.

(Signed) "S. H. Womack."

This was sworn to before a notary public. Plaintiff also delivered with said proof, an estimate made out by a carpenter of the cost of replacing the building. The local agent mailed those papers to the home office on September 2, 1914, and the same were received at the office of the company in St. Paul two days later. The company then referred the matter to an adjuster, who went to Benton on September 16, 1914, to investigate the loss. The adjusted did not see the plaintiff on that occasion, but a few days later forwarded to the local agent at Benton a printed blank form for proof of loss which would be satisfactory to the company. The local agent communicated the request to plaintiff and delivered the blank to him. After some hesitation, and after consultation with his attorney, the plaintiff decided to make out the new proof of loss, which he did on September 28, 1914, and delivered the same to the local agent who forwarded it to the adjuster, and the latter in turn forwarded the same to the

home office in St. Paul, where it was received on October 8, 1914. On or about October 24, 1914, plaintiff made inquiry of the local agent as to when payment of the policy might be expected, and renewed the inquiry on October 28. Not getting a satisfactory reply, he instituted this action on October 29 to recover the amount of the policy and the statutory penalty and attorney's fees.

There is no question raised as to the liability of the company for the amount of the policy, but the only controversy is as to the liability for attorney's fees and penalty. The contention on the part of the defendant is that the suit was prematurely instituted, because it was before the expiration of the sixty days after the delivery of satisfactory proof of loss, as stipulated in the policy. The policy contains a stipulation making the right to recover on the policy depend upon the furnishing of a proof of loss. The stipulation is couched in the following language:

"If the fire occur, the insured * * * within sixty days after the fire, unless such time is extended in writing by this company, shall render a statement to this company, signed and sworn to by said insured, stating the knowledge and belief of the insured as to the time and origin of the fire; the interest of the insured and of all others in the property; the cash value of each item thereof and the amount of loss thereon; all incumbrances thereon; all other insurance, whether valid or not, covering any of said property; and a copy of all the descriptions and schedules in all policies; any changes in the title, use, occupation, location, possession, or exposures of said property since the issuing of this policy, by whom and for what purpose any building herein described and the several parts thereof were occupied at the time of fire, and shall furnish, if required, verified plans and specifications of any building, fixtures, or machinery destroyed or damaged; and shall also, if required, furnish a certificate of the magistrate or notary public (not interested in the claim as a creditor or otherwise, nor related to the insured) living nearest the place of fire, stating that he has examined the circumstances, and believes the insured has

honestly sustained loss to the amount that such magistrate or notary public shall certify.''

(1-2)    The stipulation concerning payment under the policy is that "the sum for which the company is liable, pursuant to this policy, shall be payable within sixty days after due notice, ascertainment, estimate and satisfactory proof of loss have been received by this company, in accordance with the terms of the policy." The proof of loss first made out by the plaintiff failed in several particulars to comply with the terms of the policy. It appears to be more a notice of the loss than proof of loss, but was doubtless sufficient to constitute proof of loss if no objection thereto had been made. The policy called for proof of loss satisfactory to the company, and gave sixty days after the receipt of such proof within which to make payment. Of course, an insurance company can not arbitrarily reject proof of loss for the purpose of postponing the date of payment, but it does not appear in this case that the failure to accept the proof was at all arbitrary, for the same did not come up strictly to the requirements of the policy. The adjuster had the right to call for more satisfactory proofs, and especially a certificate from the nearest justice of the peace or notary public. The first proof of loss was not, according to the undisputed evidence, received at the home office until September 4, and even if those proofs had been satisfactory, the company had sixty days from that date within which to make payment. The stipulation for a satisfactory proof of loss shows that the time is to run from the date that the proof is received at the home office, for it is there only that it can be determined whether or not the proof is satisfactory. We are therefore of the opinion that plaintiff's claim under the policy could not have been, in any event, mature until the expiration of sixty days from September 4, 1914.

But even if that were not true, the subsequent transactions between the parties with respect to the additional proof of loss postponed the date of payment even to a later date than that. The company, it appears, proceeded with reasonable diligence to adjust the loss, and within a reasonable time made the request for a more satisfactory

proof of loss, including a certificate from the nearest magistrate or notary public, and it is evident from the language of the policy that it was intended to provide for payment only within sixty days after the satisfactory proof of loss was furnished, that is to say, the proof of loss furnished in compliance with the last demands which the company had the right to make. Of course, the company could not, as before stated, postpone the date of payment by making an unreasonable demand, but here the demand was reasonable, inasmuch as the first proof of loss was insufficient.

The suit being premature, it is obvious that there can be no recovery of the statutory penalty and attorney's fees. The company, through its attorneys, tendered in court the amount of the policy and interest thereon, and when the tender was refused, the money was paid over to the clerk of the court, and the judgment in the case directs the clerk to pay it over to the plaintiff. Thus all question as to liability for the amount of the policy is eliminated from the case, and since there is no right to recover anything more, the right of action is ended on account of said payment.

(3) The judgment is therefore reversed and the cause is dismissed insofar as there is an attempt to recover a statutory penalty and attorney's fees. The defendant is, of course, entitled to recover judgment for costs expended in both courts. It is so ordered.